### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **PRISCILLA AQUINO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS** | § | **CASE NO. 2:24-CV=04461** |
| | § | |
| **JP MORGANCHASE BANK, NA** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S MOTION TO REMAND

Pursuant to 42 U.S.C. §1447(c), Plaintiff, PRISCILLA AQUINO files this Motion to Remand an in support shows:

### I.

This Court should remand this case back to the state court from which it was removed because this Court does not have subject matter jurisdiction. This Motion to Remand is filed within thirty (30) days of the Notice of Removal.

On November 13, 2024, Defendant removed this case based on diversity jurisdiction. [Dkt. 1]. To remove a case, a defendant must show that the action either arises under federal law or satisfies the requirements of complete diversity. 28 U.S.C. § 1441(b). To establish complete diversity, no plaintiff may share the same citizenship as any defendant and the case must involve an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a); *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). When determining whether removal is proper, the court considers the claims alleged in the state court petition as they existed at the time of removal. *See*

*Doddy v. Oxy USA, Inc*., 101 F.3d 448, 456 (5th Cir. 1996); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673 (citations omitted).

Here, Defendant cannot satisfy its burden. Specifically, the amount in controversy does not exceed $75,000. In the Original Petition filed December 27, 2023, Plaintiff specifically states "Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks only monetary relief of $74,999 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Pleading more specifically, the amount in controversy does not exceed $75,000." Ex. A at 1. Additionally, Plaintiff specifically stated in that "Damages exceed the minimum jurisdictional limits of this Court; however, the amount in controversy does not exceed $75,000." Ex. A at 6.

Moreover, the removal statute is strictly construed in favor of remand, and any doubt about the propriety of removal must be resolved in favor of remand. *See Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 282 (5th Cir. 2007).

CONCLUSION

For the foregoing reasons, this Court should remand this case back to the 80th Judicial District Court, Harris County, Texas.

Respectfully submitted:

MICHAEL C. WATSON, PLLC

_____
Michael C. Watson
State Bar No. 24025705
2617 Bissonnet, Suite 452
Houston, Texas 77005
(713) 254-4315 - Telephone
mwatson@michaelcwatson.com

Attorney for Priscilla Aquino

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served in compliance with the Federal Rules of Civil Procedure on the 12th day of December, 2024 to all counsel of record.

_____
Michael C. Watson